OWEN, Judge.
When appellant’s son (and another) were caught fishing without a license and charged with a violation of F.S. Section 372.57,F.S.A., appellant devised and initiated a scheme to aid the accused in “beating” the misdemeanor charge. Becoming ensnared in the tangled web woven by his attempted deception, appellant ultimately found himself convicted of the felony of perjury. His salvation, at least for the moment, is that the perjury which the evidence at trial tended to prove did not occur during the judicial proceeding charged in the information.
Appellant’s son, Jimmy Reginald Diamond, and one Jeanne Anthony, were freshwater fishing on Sunday afternoon, November 29, 1970. A conservation officer requested them to exhibit their respective fishing licenses and upon their inability to produce such licenses, he charged each with the violation of F.S. Section 372.57,F.S.A. Early the next morning appellant purchased a fishing license for his son and for Miss Anthony, persuading the sub-agent issuing the same to predate the licenses to the preceding Saturday, November 28, 1970.
Pursuant to the requirements of the appearance bond each had posted, Jimmy Diamond and Jeanne Anthony appeared in County Judge’s court on December 23, 1970 to answer the charge against them of fishing without a license. When their respective cases were called, each pleaded not guilty and exhibited the fishing license dated November 28th. No testimony was taken under oath at this time. Since the charges against Jimmy Diamond and Jeanne Anthony were for fishing without having first obtained a license, when each exhibited to the judge a fishing license which on its face showed that it was valid and in existence at the time of the alleged offense, the court (in accordance with its customary practice in such cases) stated in open court that the cases against Jimmy Diamond and Jeanne Anthony were dismissed.
The conservation officer who made the charge “smelled a rat” and upon immediate inquiry of the issuing sub-agent, ascertained that the licenses had, in fact, been issued on November 30th and predated to November 28th. Within the hour he conveyed this information to the County Judge who promptly called Jeanne Anthony, Jimmy Diamond and appellant back before *461 him in open court. He announced to them that he had information indicating an irregularity in the issuance of the two fishing licenses and without further ado, placed all three under oath and proceeded to interrogate each briefly. Jeanne Anthony was asked whether she had purchased her license on November 28, 1970, to which she responded, “No, Mr. Diamond purchased it for me.” The judge then turned to Jimmy Diamond and stated, “The purchase of [license No.] 504477 was issued in the name of Jeanne Mayer Anthony, and she has indicated under oath that they were purchased by you”, to which statement Jimmy Diamond responded, “No, they were purchased by my father”. The court then categorically asked appellant whether he had purchased the licenses on Saturday, November 28, 1970, to which appellant responded in the affirmative. (This is the false testimony which formed the basis of the present perjury charge.) After taking sworn testimony from the conservation officer, the court revoked its prior order of dismissal as to the cases against Jimmy Diamond and Jeanne Anthony, and set them for a jury trial at a later date. Subsequently, an information was filed against appellant charging him with perjury in violation of F.S. Section 837.02, F.S.A.
The essential elements of this crime are (1) the willful giving (2) of false testimony (3) under lawful oath (4) on a material matter (5) in a judicial proceeding, Gordon v. State, Fla.1958, 104 So.2d 524. Appellant makes no contention that he did not willfully give false testimony before the County Judge on December 23, 1970. He does contend, however, that such did not occur during the judicial proceeding alleged in the information, that he was not lawfully under oath because he was unconstitutionally forced to incriminate himself without benefit of counsel or' adequate warnings, and that in any event, the testimony was not on a material matter. We discuss only the first of these.
The information charged that appellant committed the offense while testifying under oath as a witness in the County Court of Indian River County, Florida, “in the case of State of Florida v. Jimmy Reginald Diamond and Jeanne Mayer Anthony”. The only case which the State of Florida had against Jimmy Reginald Diamond or Jeanne Mayer Anthony was in connection with the charge of fishing without a license, and both of these cases had already been dismissed in open court, earlier in the day. We do not here question the inherent power of a trial judge to summon before him those whom he suspects have been guilty of working a fraud upon the coulrt, and we have no difficulty in determining that such an inquiry would qualify as a “proceeding in a court of justice” under F.S. Section 837.02, F.S.A. We are likewise satisfied that a trial court has inherent power, acting c*n its own motion, to timely revoke its own order dismissing criminal charges when it becomes satisfied that such dismissal was brought about by some fraud practiced upon the court. The problem here lies in the fact that appellant’s false testimony under oath occurred during the hiatus between the dismissal of the charges against Jimmy Reginald Diamond and Jeanne Mayer Anthony, and the order reinstating such charges. Thus, the proof failed to show that the willful false testimony occurred “while testifying as a witness in the . . . case of State of Florida v. Jimmy Reginald Diamond and Jeanne Mayer Anthony”. Appellant’s motion for judgment of acquittal on this ground, made at the close of the State’s case, should have been granted.
The judgment is reversed and the appellant ordered discharged from the offense alleged in the information.
WALDEN and MAGER, JJ., concur.